11-2981-cv
Stowe v. National Railroad Passenger Corporation

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of September, two thousand twelve,

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
             RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*.
_____

ELLICIA STOWE,

                    *Plaintiff-Appellant*,


           -v-                                          11-2981-cv

NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK),

                    *Defendant-Appellee*.
_____

Appearing for Appellant:     Kim Kocher, White and Williams LLP, Philadelphia, PA (Rafael Vergara, New York, NY; Willard J. Moody, Sr., Paul G. Moody, The Moody Law Firm, Portsmouth, VA, *on the brief*).

Appearing for Appellee:      Gerald Tierney Ford, Landman Corsi Ballaine & Ford P.C., (Mark S. Landman, New York, NY, *on the brief*), Newark, NJ.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Reyes, *M.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff appeals from the district court's denial of her motion for a new trial dated June 23, 2011, on plaintiff's suit for damages under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 *et seq*. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review a district court's denial of a motion for a new trial for abuse of discretion. *Leibovitz v. N.Y.C. Transit Auth.*, 252 F.3d 179, 184 (2d Cir. 2001). "Further, the district court 'ordinarily should not grant a new trial unless it is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice.'" *Hygh v. Jacobs*, 961 F.2d 359, 365 (2d Cir. 1992) (citation omitted).

We are unable to conclude that the jury, which heard all of the evidence, "reached a seriously erroneous result" in this case. *Id.* Even assuming Amtrak's statements constituted clear admissions, the jury heard these admissions and was still unpersuaded as to the degree of injury. Moreover, the jury instruction in this case did not mislead the jury as to the correct legal standard, nor did it fail to inform the jury of the law. *Cameron v. City of New York*, 598 F.3d 50, 68 (2d Cir. 2010). The language of the jury instruction given by the court "track[ed] the language Congress employed" in the FELA. *CSX Transp., Inc. v. McBride*, 131 S. Ct. 2630, 2634 (2011). While it would be preferable going forward for courts to use the language clearly approved in *McBride*, *id.* at 2635, the jury instruction in this case was not erroneous.

We find Stowe's remaining arguments to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2